AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
## Western District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 24-MJ-637 |
| TERESO HERNANDEZ-MENDOZA | ) |
| Defendant | ) |

### CRIMINAL COMPLAINT

I, Justen J. Silva, Border Patrol Agent, United States Border Patrol, state that the following is true to the best of my knowledge and belief.

On or about December 16, 2024, in the county of Monroe in the Western District of New York, the defendant violated 8 U.S.C. § 1326(a), an offense described as follows:

The defendant did commit the offense of unlawful re-entry after deportation or removal, in violation of 8 U.S.C. § 1326(a), in that he, a citizen and national of Mexico, having been issued an Order of Removal from the United States to Mexico on or about June 1, 2009, and physically removed from the United States to Mexico on or about March 12, 2010, was thereafter unlawfully found in the United States on December 16, 2024, without first having obtained the consent of the Attorney General, or his successor, the Secretary of the Department of Homeland Security.

This criminal complaint is based on these facts:

X   Continued on the attached sheet.

Please see attached affidavit

_Complainant's Signature_

Justen J. Silva, BPA USBP
_Printed name and title_

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 and 4(d) before me this __20__ day of December, 2024.

Date: December 20, 2024

_Judge's signature_

City and State: Rochester, New York

Hon. Mark W. Pedersen, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF MONROE   )   ss.:
CITY OF ROCHESTER   )

Justen J. Silva, being duly sworn, deposes and says that:

1. I am a Border Patrol Agent with the United States Border Patrol in Rochester, New York. I have been employed with the United States Border Patrol for over four years.

2. As part of my duties during my employment with the United States Border Patrol, I have investigated violations of the Immigration and Nationality Act and violations of the United States Code, particularly Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

3. The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents, reports, and records gathered through the investigation of this case.

4. I make this affidavit in support of the annexed criminal complaint charging Tereso HERNANDEZ-MENDOZA with a violation of Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

5. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to demonstrate that Title 8, United States Code, Section 1326 has been violated.

## PROBABLE CAUSE

6.	On December 16, 2024, Rochester Border Patrol Agents conducted a vehicle stop on a white GMC Sierra van near the Extended Stay America, 700 Commons Way in Rochester, New York. The van was registered to Orduna Plumbing Incorporated out of Michigan. Rochester Border Patrol Agents have previously apprehended undocumented non-citizens in a vehicle registered to Orduna Plumbing Incorporated.

7.	Border Patrol Agents Mark Ellis, Justen Silva, and Supervisory Border Patrol Agent Julio Holguin approached the vehicle and introduced themselves as United States Border Patrol Agents in both the English and Spanish language. The driver, later identified as Defendant HERNANDEZ-MENDOZA, Tereso, initially refused to acknowledge or comply with directions given by Border Patrol Agents. Defendant HERNANDEZ-MENDOZA instead used his cellphone to make a phone call and was perceived to direct the other occupants of the vehicle to not comply with the agents' directions.

8.	After approximately five minutes, the occupants exited the vehicle and Border Patrol Agents attempted to conduct an immigration inspection. Supervisory Border Patrol Agent Holguin noticed that Defendant HERNANDEZ-MENDOZA instructed the other two occupants of the vehicle not to answer any of the agent's questions. In order to determine the citizenship of the three individuals, they were transported back to the Rochester Border Patrol station for fingerprinting and record checks. A terry frisk of the individuals resulted in a Mexican passport and two Mexican identification cards. Defendant HERNANDEZ-MENDOZA requested to have his Mexican passport removed from the vehicle and taken with him to the Border Patrol Station.

9.   While at the Border Patrol Station, HERNANDEZ-MENDOZA's fingerprints were taken to further confirm his identity. Record checks associated with his fingerprints positively reflected him being a citizen and national of Mexico with previous immigration encounters.

10.   A query of immigration and criminal databases contained in the Alien Registration file ("A-file") for HERNANDEZ-MENDOZA revealed the following facts:

   a. HERNANDEZ-MENDOZA is a citizen of Mexico.

   b. On June 2, 2009, HERNANDEZ-MENDOZA was deported from the United States through Nogales, Arizona. This was subsequent to a final order of Removal issued by a designated Immigration Official issued on June 1, 2009.

   c. On March 12, 2010, HERNANDEZ-MENDOZA was deported from the United States through San Luis, Arizona. This was subsequent to his apprehension on January 8, 2010, in Tucson, Arizona.

11.   There is no evidence that HERNANDEZ-MENDOZA received any authorization or approval from either the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States after his last removal.

## CONCLUSION

12.   Wherefore, it is respectfully submitted that probable cause exists to believe that HERNANDEZ-MENDOZA did commit the offense of unlawful re-entry after deportation or removal, in violation of 8 U.S.C. § 1326(a), in that he, a citizen and national of Mexico, having been issued an Order of Removal from the United States to Mexico on June 1, 2009, and physically removed from the United States to Mexico on or about June 2, 2009, was

thereafter unlawfully found in the United States on December 16, 2024, without first having obtained the consent of the Attorney General, or his successor, the Secretary of the Department of Homeland Security.

_____
Justen J. Silva
Border Patrol Agent
United States Border Patrol

Affidavit submitted electronically by email in .pdf format. Oath administered and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __20__ day of December, 2024.

_____
HON. MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

4